IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID AND LILY PENN, INC., | : |
| Plaintiff, | : |
| | : Civil Action No.: |
| v. | : |
| | : **JURY TRIAL DEMANDED** |
| TRUCKPRO, LLC, | : |
| Defendant. | : |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, David and Lily Penn, Inc., ("Plaintiff"), by and through undersigned counsel, brings this Complaint for Declaratory Judgment against defendant, TruckPro, LLC ("Defendant") and alleges as follows:

### Substance of the Action

1. This is an action for declaratory judgment, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure, that Plaintiff's use of its trademarks TRUCKPRO and TRUCKPRO and Design, and its pending application for TRUCKPRO INTERMODAL, does not infringe upon or interfere with the asserted rights of, or unfairly compete with, Defendant, and that Plaintiff's acts have not violated and do not violate federal or state laws relating to trademark infringement or unfair competition, including without limitation, Sections 32 and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), and the statutory or common law of the State of Delaware or the laws of other states.

### Parties

2. Plaintiff David and Lily Penn, Inc. is a Minnesota corporation with a principal place of business at 10201 Wayzata Boulevard, Suite 250, Minnetonka, Minnesota 55305.

3. Defendant TruckPro, LLC is a Delaware corporation with a principal place of business at 8110 Cordova Road, Suite 116, Cordova, Tennessee 38016. Defendant has various nationwide locations.

## Jurisdiction and Venue

4. This action includes a claim for declaratory judgment. There is an actual justiciable controversy between the parties with regard to Plaintiff's assertion of non-infringement and no unfair competition. A reasonable apprehension of a suit for trademark infringement and for unfair competition has been created by Defendant, or those acting by or for Defendant, with respect to Plaintiff's ability to use its registered and applied-for marks. Accordingly, this Court has subject matter jurisdiction in accordance with 28 U.S.C. §§ 2201 and 2202, and the provisions of 28 U.S.C. §§ 1331, 1338(b) and § 1367(a).

5. This Court may exercise personal jurisdiction over Defendant because Defendant is incorporated in the State of Delaware. Accordingly, Defendant is domiciled in Delaware and this Court has personal jurisdiction over Defendant.

6. Venue is proper in this judicial district because: (1) Defendant resides in Delaware pursuant to 28 U.S.C. §§ 1391(b)(1) and (c)(2); (2) Defendant operates a national business with more than 60-plus locations; and (3) Defendant has been a party to multiple lawsuits throughout the United States, as both a plaintiff and a defendant including, but not limited to, in Delaware, North Carolina, Arizona, Illinois, South Carolina, Florida, Ohio, Georgia, Arkansas, Alabama, Texas, Indiana, Tennessee, Washington, Utah, and Idaho.

## Factual Background

7. Plaintiff is a tire distribution company operating in the United States, Canada, and Mexico. Defendant is a distributor of heavy duty aftermarket truck parts and accessories in the

United States. Since at least 2015, Plaintiff's trademark and trade name TRUCKPRO and Plaintiff's TRUCKPRO and Design mark, namely, TRUCKPRO, have appeared prominently in connection with Plaintiff's goods.

8. Plaintiff's TRUCKPRO mark has been registered with the United States Patent and Trademark Office ("PTO") at Registration No. 5093820 in connection with "tires" in International Class 12, with a registration date of December 6, 2016. Plaintiff's TRUCKPRO mark has been registered with the PTO at Registration No. 4861142 in connection with "tires" in International Class 12, with a registration date of November 24, 2015 (collectively, the "TRUCKPRO Registrations"). Plaintiff additionally has a pending application for its TRUCKPRO INTERMODAL mark at Serial Number 87/684,305 in connection with "tires" in International Class 12, with a filing date of November 14, 2017 (the "TRUCKPRO Application"). The TRUCKPRO Registrations and the TRUCKPRO Application are collectively referred to herein as "Plaintiff's TRUCKPRO Marks."

9. On or about August 24, 2018, Defendant, via Defendant's counsel, sent counsel for Plaintiff a cease-and-desist letter objecting to Plaintiff's ongoing use of Plaintiff's TRUCKPRO Marks. In this letter, Defendant's counsel asserted that Plaintiff's "continued use and owning of registrations and applications for TRUCKPRO marks is unacceptable to [Defendant]."

10. Plaintiff's counsel responded to Defendant's counsel's letter on September 7, 2018, refuting Defendant's claims and asserting that there was no likelihood of confusion due to, *inter alia*, coexistence between Plaintiff and Defendant in the marketplace for multiple years without any incident of actual consumer confusion, and multiple third party uses of "TRUCKPRO" or similar marks in the marketplace.

11. Notwithstanding Plaintiff's counsel's response, on September 12, 2018, Defendant's counsel further threatened Plaintiff's continued use of Plaintiff's TRUCKPRO Marks via a letter that disputed Plaintiff's September 7, 2018 response and that made plain that Defendant was no longer interest in resolving this matter amicably. Further, in this letter, Defendant's counsel notified Plaintiff that Defendant had filed a notice of opposition and petition for cancellation with the Trademark Trial and Appeal Board ("TTAB") opposing Plaintiff's TRUCKPRO Application and petitioning to cancel Plaintiff's TRUCKPRO Registrations.

12. On or about September 12, 2018, Defendant filed a Petition to Cancel Plaintiff's TRUCKPRO Registrations ("Petition") and a Notice of Opposition ("Opposition") opposing Plaintiff's TRUCKPRO Application before the TTAB. True and correct copies of the Petition and Opposition are attached hereto as Exhibits A and B respectively.

13. In the Petition and Opposition, Defendant alleged, *inter alia*, that it has used TRUCKPRO as a service mark in connection with retail store services in the field of truck, trailer and heavy duty chemicals, parts and accessories; wholesale store services and distributorships featuring truck and trailer parts; and maintenance and repair of truck parts. *See* Ex. A at ¶4 and Ex. B at ¶3.

14. In the Petition and Opposition, Defendant further alleged that it owns a TRUCKPRO HEAVY DUTY PROFESSIONALS mark, which was originally owned by Mid-Con Corp., in connection with "truck repair services" and "distributorship services specializing in parts for trucks" in International Classes 37 and 42. Defendant additionally alleged that it owns a TRUCKPRO mark, which was originally owned by TruckZone, Inc., in connection with "retail store services featuring truck and trailer parts, and wholesale store services and distributorships featuring truck and trailer parts" and "maintenance and repair of truck parts" in

International Classes 35 and 37.  Defendant additionally alleged that it owns a

**TruckPro** mark, which was originally owned by TruckZone, Inc., in connection with "retail store services in the field of truck, trailer and heavy duty chemical, parts and accessories" in International Class 35 (collectively "Defendant's TRUCKPRO Marks").  *See* Ex. A at ¶4-5 and Ex. B at 3-4.

17. 15. Further, Defendant alleged that its TRUCKPRO trademark is famous in connection with the sale of truck parts and accessories among its consumer base.  *See* Ex. A at ¶5 and Ex. B at ¶4.

16. Defendant also alleged that Plaintiff's TRUCKPRO Marks are identical to Defendant's TRUCKPRO Marks and that Plaintiff's goods directly overlap and/or are closely related to the services associated with Defendant's TRUCKPRO Marks.  *See* Ex. A at ¶5 and Ex. B at ¶4.

17. In the Petition and Opposition, Defendant alleges that Plaintiff's TRUCKPRO Marks are likely to cause confusion, mistake, or deception with Defendant's TRUCKPRO Marks within the meaning of 2(d) of the Trademark Act.  *See* Ex. A at ¶5 and Ex. B at ¶4.

## COUNT I
## DECLARATORY JUDGEMENT OF NON-INFRINGEMENT

18. Plaintiff repeats and re-alleges, and incorporates by reference, the foregoing paragraphs as though the same were fully set forth at length herein.

19. This Court possesses subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 2201, 2202, 1331, 1332, and § 1338.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

20. Defendant has objected to Plaintiff's ongoing use of, and application and registrations for, Plaintiff's TRUCKPRO Marks.

21. Defendant claims that it owns Defendant's TRUCKPRO Marks and that Plaintiff's use of Plaintiff's TRUCKPRO Marks is likely to cause consumer confusion with Defendant's TRUCKPRO Marks.

22. Plaintiff maintains that Defendant has abandoned its rights in Defendant's TRUCKPRO Marks (as discussed below) and that, in any event, Plaintiff is within its rights to continue to use Plaintiff's TRUCKPRO Marks and that there is no likelihood of confusion between Plaintiff's use of Plaintiff's TRUCKPRO Marks and Defendant's use of Defendant's TRUCKPRO Marks.

23. In light of the foregoing, an actual, judicable case or controversy exists between the parties. Thus, a judicial declaration is necessary and appropriate at this time in order for the parties to ascertain their respective rights and duties with respect to Plaintiff's use of Plaintiff's TRUCKPRO Marks.

24. Accordingly, Plaintiff respectfully requests this Court to declare that Plaintiff has not infringed Defendant's TRUCKPRO Marks, that Plaintiff may continue to use and register Plaintiff's TRUCKPRO Marks, and that Plaintiff's use of Plaintiff's TRUCKPRO Marks are not likely to cause consumer confusion, mistake, or deception with Defendant, Defendant's TRUCKPRO Marks, and/or Defendant's associated goods or services offered under the Defendant's TRUCKPRO Marks.

## COUNT II
## DECLARATORY JUDGEMENT OF NO UNFAIR COMPETITION

25. Plaintiff repeats and re-alleges, and incorporates by reference, the foregoing paragraphs as though the same were fully set forth at length herein.

26. This Court possesses subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 2201, 2202, 1331, 1332, and § 1338. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

27. As discussed above, Defendant has objected to Plaintiff's ongoing use of, and application and registrations for, Plaintiff's TRUCKPRO Marks.

28. Plaintiff maintains that it is within its rights to continue to use Plaintiff's TRUCKPRO Marks and that there is no unfair competition between Plaintiff and Defendant.

29. In light of the foregoing, an actual, judicable case or controversy exists between the parties. Thus, a judicial declaration is necessary and appropriate at this time in order for the parties to ascertain their respective rights and duties with respect to Plaintiff's use of Plaintiff's TRUCKPRO Marks.

30. Accordingly, Plaintiff respectfully requests this Court to declare that it has not engaged in unfair competition or otherwise unfairly competed with Defendant, and further, that Plaintiff may continue to use and register Plaintiff's TRUCKPRO Marks.

## COUNT III
## DECLARATORY JUDGEMENT OF ABANDONMENT

31. Plaintiff repeats and re-alleges, and incorporates by reference, the foregoing paragraphs as though the same were fully set forth at length herein.

32. This claim seeks a declaratory judgment that Defendant has abandoned any rights Defendant may have once had in and to Defendant's TRUCKPRO Marks.

33. This Court possesses subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 2201, 2202, 1331, 1332, and § 1338. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

34.  Plaintiff maintains that Defendant has abandoned Defendant's TRUCKPRO Marks due to Defendant's omissions in protecting and failure to enforce Defendant's TRUCKPRO Marks, thereby permitting the proliferation of third party TRUCKPRO marks in the marketplace such that Defendant's TRUCKPRO Marks have lost all source identifying capability.

35.  Defendant has permitted multiple other third party users of "TRUCKPRO" or similar marks to coexist in the marketplace including, but not limited to, the following:

- TRUCKPROUSA, for a retailer of vehicle accessories and parts located in Alabama, see http://truckprousa.com/;

- TRUCK PRO EQUIPMENT SALES INC., for a retailer of snow and ice removal equipment, vehicles and trailers, and a provider of vehicle repair services located in Indiana, see http://www.truckprosales.com/contact-us/;

- USED TRUCK PRO, for a truck dealer located in Kansas City, MO, see http://www.50000trucks.com/dealers/dealerinfo.aspx?did=1573 and https://www.facebook.com/Used-Truck-Pro-1491472177767980/;

- TRUCKPRO, for speakers that attach to the side of vehicles, see https://www.gofoxpro.com/products/accessories/speakers/truck-pro-regular-speaker;

- TRUCK PRO, for a heavy duty truck scanner offered by Fcar USA, see https://www.fcarusa.com/products/F3N;

- ARIZONA TRUCK PRO'S, for a retailer of truck parts located in Glendale, AZ, see https://www.facebook.com/pg/AzTruckPros/about/?ref=page_internal;

- TRUCKPRO, for a GPS assignment and tracking system for haul trucks, see http://www.carlsonsw.com/products/machine-control/truckpro/;

- TRUCKNPRO, for fleet management systems for trucks, see http://www.foglinesoftware.com/truckn_oo/truckn_oo_main.html;

- INTERNATIONAL TRUCK PRO STAR PROSTAR 08-14 HEADLIGHT LAMP for headlights, see https://www.amazon.com/International-Truck-Pro-Star-Prostar/dp/B0170HWR92;

- PRO TRUCKS, for a retailer of tires, wheels, truck accessories, lift kits, window tinting services located in Siloam Springs, AZ, see http://www.protrucksnwa.com/;

- RICKS PRO-TRUCK, for a retailer located in MS that sells lift kits and accessories, lighting and electronics, covers and liners, and off-road tires and wheels, all for trucks, see http://www.ricksprotruck.com/; and

- PRO TRUCKS PLUS, for a provider of truck parts and repair services in CA, see http://www.protrucksplus.com/service-request/.

36. Plaintiff maintains that Defendant's failure to enforce has resulted in Defendant's TRUCKPRO Marks losing all of its strength, distinctiveness, and significance as a mark resulting in abandonment pursuant to 15 U.S.C. §§ 1127.

37. As an actual, judicable case or controversy exists between the parties, as discussed above, a judicial declaration is necessary and appropriate at this time in order for the parties to ascertain their respective rights and duties with respect to Plaintiff's use of Plaintiff's TRUCKPRO Marks.

38. Accordingly, Plaintiff respectfully requests this Court to declare that Defendant has abandoned each and all of Defendant's TRUCKPRO Marks, and further, that Plaintiff may continue to use Plaintiff's TRUCKPRO Marks.

## COUNT IV
## CANCELLATION OF TRADEMARK REGISTRATION PURSUANT TO
## 15 U.S.C. §§ 1054 and 1119

39. Plaintiff repeats and re-alleges, and incorporates by reference, the foregoing paragraphs as though the same were fully set forth at length herein.

40. For the reasons discussed above in Count III, Defendant has abandoned each and all of Defendant's TRUCKPRO Marks.

41. In light of the foregoing, Defendant's registrations in Defendant's TRUCKPRO Marks, namely, U.S. Trademark Reg. No. 1071956 for TRUCKPRO HEAVY DUTY PROFESSIONALS; U.S. Trademark Reg. No. 2222113 for TRUCKPRO, and U.S. Trademark Reg. No. 2371324 for TRUCKPRO and Design should be cancelled in their entireties pursuant to 15 U.S.C. § 1054, as the marks at issue in the aforementioned registrations have been abandoned by Defendant.

42. Pursuant to 15 U.S.C. § 1119, this Court may order the cancellation of the aforementioned registrations.

## PRAYERS FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief against Defendant as follows:

1. That the Court declare that Plaintiff's use of Plaintiff's TRUCKPRO Marks does not infringe any trademark, service mark or trade name of Defendant, including but not limited to, Defendant's TRUCKPRO Marks, that Plaintiff and its use of the Plaintiff's TRUCKPRO Marks does not unfairly compete with Defendant, and that Defendant has abandoned each and all of Defendant's TRUCKPRO Marks;

2. That the Court cancel U.S. Trademark Reg. No. 1071956 for TRUCKPRO HEAVY DUTY PROFESSIONALS; U.S. Trademark Reg. No. 2222113 for TRUCKPRO, and

U.S. Trademark Reg. No. 2371324 for TRUCKPRO and Design given Defendant's abandonment of the marks underlying these registrations;

3. That the Court award Plaintiff its reasonable attorney's fees and the costs of this action; and

4. That the Court grant Plaintiff such other relief as is just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a jury trial on all issues triable by jury.

Dated: October 26, 2018

*Thomas J. Francella, Jr.*
Thomas J. Francella, Jr. (No. 3835)
COZEN O'CONNOR
1201 N. Market Street, Suite 1001
Wilmington, DE 19801
Telephone: (302) 295-2023
Facsimile: (302) 250-4495
Email: tfrancella@cozen.com
*Attorneys for Plaintiff,*
*David and Lily Penn, Inc.*

*Of Counsel*:
Camille M. Miller, Esq.
Melanie A. Miller, Esq.
J. Trevor Cloak, Esq.
Kevin Gibbs, Esq.
*(pro hac vice motions pending)*
COZEN O'CONNOR
1650 Market Street
Philadelphia, PA 19103
Telephone: (215) 665-7273
Facsimile: (215) 701-2273
Email: cmiller@cozen.com