IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DAVID AND LILY PENN, INC., :
:
Plaintiff, :
:
v. : Civ. No. 18-1681-LPS
:
TRUCKPRO, LLC, :
:
Defendant. :

Thomas J. Francella, Jr., COZEN O'CONNOR, Wilmington, Delaware; Camille M. Miller, Melanie A. Miller, J. Trevor Cloak, COZEN & O'CONNOR, Philadelphia, Pennsylvania;

Attorneys for Plaintiff.

Timothy Devlin, James M. Lennon, DEVLIN LAW GROUP, Wilmington, Delaware;

Attorneys for Defendant.

**MEMORANDUM OPINION**

September 25, 2019
Wilmington, Delaware

*[signature]*
STARK, U.S. District Judge:

Pending before the Court is Defendant TruckPro, LLC's ("TruckPro" or "Defendant") motion to transfer venue to the Western District of Tennessee pursuant to 28 U.S.C. § 1404(a). (D.I. 8) For the reasons set forth below, the motion will be denied.

## BACKGROUND

Plaintiff, David and Lily Penn, Inc. ("Penn" or "Plaintiff"), is a tire distribution company that operates in the United States, Canada, and Mexico. (D.I. 1 at ¶ 7) Penn is a Minnesota corporation with a principal place of business in Minnetonka, Minnesota. (D.I. 1 at ¶ 2) TruckPro, which distributes truck and trailer parts and provides truck maintenance and repair services, is a Delaware corporation headquartered in Cordova, Tennessee. (D.I. 9 Ex. A at ¶¶ 3-4, 16)

Penn and TruckPro have both used TRUCKPRO trademarks in connection with their products. (D.I. 1 at ¶¶ 7-17) TruckPro challenged Penn's TRUCKPRO trademark before the Trademark Trial and Appeal Board. (D.I. 1 at ¶¶ 11-12) As part of its response, Penn filed suit in this District, seeking a declaratory judgment that: (1) Penn has not infringed TruckPro's TRUCKPRO trademarks under the Lanham Act or Delaware law; (2) Penn has not engaged in unfair competition under the Lanham Act or Delaware law; and (3) TruckPro has abandoned its TRUCKPRO trademarks pursuant to the Lanham Act. (D.I. 1 at ¶¶ 18-38; *see also* D.I. 15 at 1 ("In light of the imminent threat of litigation posed by Defendant's actions, and after attempting to locate a forum that would be fair for each party, Penn filed a Complaint with this Court.")) Penn also seeks as relief that the Court cancel TruckPro's TRUCKPRO trademarks, pursuant to 15 U.S.C. § 1119. (D.I. 1 at ¶¶ 39-42)

1

TruckPro now seeks to transfer venue to the Western District of Tennessee. (D.I. 8) Penn opposes the motion. (D.I. 15) Penn states that it "filed its instant declaratory judgment claims ... in one of only two forums that Penn was certain could exercise personal jurisdiction over Defendant, namely, the District of Delaware." (D.I. 15 at 2) The Court understands the other available District to be the Western District of Tennessee. (*See* D.I. 18 at 1-2) (TruckPro reply brief stating same)

## LEGAL STANDARDS

TruckPro brings its motion under 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of the parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The Third Circuit has explained that this provision "was intended to vest district courts with broad discretion to determine, on an individualized, case-by-case basis, whether convenience and fairness considerations weigh in favor of transfer." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 883 (3d Cir. 1995).

Courts evaluating a transfer motion under § 1404(a) must undertake a two-step analysis. First, the Court determines whether the action could have been brought in the proposed transferee forum. *See Shutte v. Armco Steel Corp.*, 431 F.2d 22, 24 (3d Cir. 1970). "The party moving for transfer bears the burden of proving that the action properly could have been brought in the transferee district in the first instance." *Mallinckrodt Inc. v. E-Z-Em., Inc.*, 670 F. Supp. 2d 349, 356 (D. Del. 2009) (internal citations omitted).

Next, the Court must balance the appropriate considerations and determine whether, under the particular facts of the case, the request to transfer venue should be granted. *See*

2

*Jumara*, 55 F.3d at 879. At this step the Court takes particular care to consider at least the private and public interest factors identified by the Third Circuit in *Jumara*. *See id.* at 879-80. The private factors include: (1) "the plaintiff's forum preference as manifested in the original choice;" (2) "the defendant's preference;" (3) "whether the claim arose elsewhere;" (4) "the convenience of the parties as indicated by their relative physical and financial condition;" (5) "the convenience of the witnesses – but only to the extent that the witnesses may actually be unavailable for trial in one of the for trial;" and (6) "the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum)." *Id.* at 879 (internal citations omitted). The public interest factors include: (1) "the enforceability of the judgment;" (2) "practical considerations that could make the trial easy, expeditious, or inexpensive;" (3) "the relative administrative difficulty in the two fora resulting from court congestion;" (4) "the local interest in deciding local controversies at home;" and (5) "the familiarity of the trial judge with the applicable state law in diversity cases." *Id.* at 879-80 (internal citations omitted).

The Third Circuit has emphasized that "the plaintiff's choice of should not be lightly disturbed." *Jumara*, 55 F.3d at 879. As a result, "a transfer is not to be liberally granted." *Shutte*, 431 F.3d at 25 (internal quotation marks omitted). Consequently, the burden rests squarely on the party seeking transfer "to establish that a balancing of proper interests weighs in favor of the transfer." *Id.*; *see also Jumara*, 55 F.3d at 879. That burden is a heavy one: "unless the balance of convenience of the parties is ***strongly*** in favor of defendant, the plaintiff's choice of forum should prevail." *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970) (emphasis added). It follows that "transfer will be denied if the factors are evenly balanced or

3

weigh only slightly in favor of the transfer." *Angiodynamics, Inc. v. Vascular Sols., Inc.*, 2010 WL 3037478, at *2 (D. Del. July 30, 2010) (internal citations omitted); *see also Illumina, Inc. v. Complete Genomics, Inc.*, 2010 WL 4818083, at *2 (D. Del. Nov. 9, 2010).

## DISCUSSION

### I. The Western District of Tennessee Is a Proper Venue

Venue is proper in "a judicial district in which any defendant resides." 28 U.S.C. § 1391(b)(1). The parties do not dispute that TruckPro resides in the Western District of Tennessee. (D.I. 9 at 10; D.I. 15 at 6-8) Thus, venue is proper in the Western District of Tennessee.

Penn argues, nonetheless, that the Western District of Tennessee may not be a proper District because that District could not have exercised personal jurisdiction over Penn as a counterdefendant, had TruckPro initiated this case there based on what are now TruckPro's counterclaims. As Penn admits, this precise argument has been rejected in other cases. (*See* D.I. 15 at 6-8) The transferee forum's ability to exercise personal jurisdiction over a *plaintiff* – even a plaintiff which is now a counterclaim defendant – is not relevant to the § 1404(a) transfer analysis; rather, the transferee forum need only have personal jurisdiction over the defendant. *See Human Genome Scis., Inc. v. Genentech, Inc.*, 2011 WL 2911797, at *3-*5 (D. Del. July 18, 2011); *see also Viron Int'l Corp. v. David Boland, Inc.*, 237 F. Supp. 2d 812, 818 (W.D. Mich 2002) (noting that when plaintiff could have filed case in transferee forum, "the fact that defendant . . . has now filed a counterclaim against the plaintiff does not change the analysis").

4

## II. The Balance of Factors Does Not Strongly Favor Transfer

### A. Penn's Choice of Forum

"It is black letter law that a plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request, and that choice should not be lightly disturbed." *Shutte*, 431 F.2d at 25 (internal quotations omitted). Thus, "courts normally defer to a plaintiff's choice of forum." *Jumara*, 55 F.3d at 880. Indeed, "[t]he deference afforded plaintiff's choice of forum will apply as long as plaintiff has selected the forum for some legitimate reason." *Cypress Semiconductor Corp. v. Integrated Circuit Sys., Inc.*, 2001 WL 1617186, at *2 (D. Del. Nov. 28, 2001) (internal citations omitted).

Penn's preference to litigate in the District of Delaware is entitled to substantial weight. Penn chose Delaware for legitimate reasons: it knew this Court could exercise personal jurisdiction over TruckPro, a Delaware entity, and it was convenient to Penn's outside trademark counsel, whose principal office is located in Philadelphia. It is true, as TruckPro emphasizes, that Delaware is not Penn's "home turf," as Penn is incorporated in and has its principal place of business in Minnesota. Still, in this Court's view, a plaintiff's "choice of forum is entitled to 'paramount consideration' . . . and should not be lightly disturbed if there is a legitimate, rational reason to litigate away from the corporation's 'home turf,'" as there is here. *ICU Med. Inc. v. Rymed Techs., Inc.*, 2008 WL 205307, at *2 (D. Del. Jan. 23, 2008) (internal citations omitted); *see also Pragmatus AV, LLC v. Yahoo! Inc.*, 2012 WL 4889438, at *5 (D. Del. Oct. 15, 2012), *report and recommendation adopted in* 2013 WL 174499 (D. Del. Jan. 16, 2013) ("[T]he burden of proof for a defendant seeking transfer is no less where a plaintiff is litigating away from its home turf . . .") (internal quotation marks omitted).

### B. TruckPro's Forum Preference

"Given the substantial nexus between the Western District of Tennessee and this litigation" (D.I. 9 at 12), TruckPro has a strong and understandable preference to litigate this case in that District. TruckPro has legitimate reasons for its preference, including that its principal place of business, most of its likely witnesses, and its documents are located in the Western District of Tennessee. Under the law, however, TruckPro's preference receives less weight than Plaintiff's. *See Zazzali v. Swenson*, 852 F. Supp. 2d 438, 449 (D. Del. 2012).

### C. Location of Operative Events

This case arises from two sets of events. The first involves Penn's manufacturing, labeling, and distributing its trademarked products – events that give rise to Penn's claim for declaratory judgement of non-infringement and no unfair competition. (D.I. 1 at ¶¶ 18-30) These events did not occur in Delaware or Tennessee.

The second set of events relates to TruckPro's alleged decisions not to enforce or protect its trademarks – events giving rise to Penn's claim for a declaratory judgment of abandonment and its request for cancellation. (D.I. 1 at ¶¶ 18-30) These alleged decisions were likely made at TruckPro's corporate headquarters in the Western District of Tennessee. (D.I. 9 at 14) Neither party argues that these events occurred in Delaware.

As some of the operative events occurred in the Western District of Tennessee, and none in Delaware, this factor favors transfer. However, because much of the operative events (including all of Penn's relevant conduct) did not occur in either Delaware or the Western District of Tennessee, the Court accords this factor little weight.

6

### D. Convenience of the Parties

Next, the Court considers "the convenience of the parties as indicated by their relative physical and financial condition." *Jumara*, 55 F.3d at 879. There is no indication in the record that either party lacks the resources to travel to and litigate in Delaware. Penn is an international tire distribution company (D.I. 1 at ¶ 7), while TruckPro is a large company that "maintains 150 locations in 34 states with over 80 locations that provide shop services nationwide" (D.I. 9 Ex. A at ¶ 4). "Defendant does not operate any retail stores or service centers in Delaware; Defendant does not maintain operations in Delaware; and Defendant does not target customers in Delaware. Defendant does not direct its business activities at Delaware; rather, Defendant conducts its business from its principal place of business in the Western District of Tennessee." (D.I. 9 at 14) However, according to Penn (and not disputed by TruckPro), "Defendant has at least three affiliated retail store and/or service shops located within 50 miles of this Court's location in Wilmington, DE, including, without limitation, in Folcroft, PA, Bensalem, PA and New Holland, PA." (D.I. 15 at 3-4)

Moreover, TruckPro has chosen to incorporate in Delaware and, thus, "cannot complain once another corporation brings suit against it in Delaware." *Human Genome Scis.,* 2011 WL 2911797, at *8; *see also L'Athene, Inc. v. EarthSpring LLC*, 570 F. Supp. 2d 588, 592 (D. Del. 2008) (noting that defendant with operations on national or international scale "must prove that litigating in Delaware would pose a unique or unusual burden on [its] operations") (internal quotation marks omitted). TruckPro has not shown any "unique or unexpected burden" to suggest otherwise. *Id.* Instead, as Penn correctly observes, TruckPro "has failed to show how

7

it, a nationwide company, would be unduly burdened by litigating in the district in which it is organized." (D.I. 15 at 3)

Additionally, as Penn points out, "the majority of the claims and counterclaims at issue concern Penn's actions and, thus, the burden on production will fall more strongly on Penn." (D.I. 15 at 11) Therefore, even acknowledging that litigating in the Western District of Tennessee would be more convenient for TruckPro – as its headquarters, witnesses, and documents are all located there (*see* D.I. 9 at 12-13, 15) – and that Penn's Minnesota headquarters are 350 miles closer to the Western District of Tennessee than they are to Delaware – the way the law construes the convenience to the parties factor leads to the Court to conclude it is neutral.

### E. Convenience of the Witnesses

The Court next considers "the convenience of the witnesses – but only to the extent that the witnesses may actually be unavailable for trial in one of the fora." *Jumara*, 55 F.3d at 879. TruckPro contends, and Penn does not dispute, that many of its employee witnesses reside in the Western District of Tennessee, that its non-employee witnesses live in Chicago, and that none of its witnesses live in Delaware. (D.I. 9 at 15-16) Penn has not shown that any of its witnesses reside in Delaware.

However, TruckPro fails to show that its witnesses "may actually be unavailable for trial" in the District of Delaware. In fact, to the contrary, TruckPro will be obligated to procure the attendance of its employees living in the Western District of Tennessee to appear at trial if needed by either party. *See Human Genome Scis.*, 2011 WL 2911797, at *8. "Party witnesses or witnesses who are employed by a party carry no weight in the 'balance of convenience'

analysis since each party is able, indeed, obligated, to procure the attendance of its own employees for trial." *TSMC Tech., Inc.*, 2014 WL 7251188, at *16 (D. Del. Dec. 19, 2014), *report and recommendation adopted in* 2015 WL 328334 (D. Del. Jan. 26, 2015). Nor is there any evidence that any other witnesses will refuse to appear at trial. *See Graphics Properties Holdings Inc. v. Asus Comp. Int'l, Inc.*, 964 F. Supp. 2d 320, 329 (D. Del. 2013). Indeed, as Penn correctly states, TruckPro "has failed to explain how or why these individuals would be subject to the subpoena power of the Western District when they are located in Chicago, Illinois." (D.I. 15 at 12)

Overall, this factor is neutral.

### F. Location of Books and Records

The Court considers "the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum)." *Jumara*, 55 F.3d at 879. "[R]ecent technological advances have reduced the weight of this factor to virtually nothing." *Human Genome Scis., Inc.*, 20111 WL 2911797, at *9. Thus, even though all of TruckPro's documents are located in the Western District of Tennessee (D.I. 9 at 15-16), the lack of evidence that these files could not also be produced in Delaware renders this factor neutral. Also contributing to this conclusion is the fact, already noted above, that the majority of the claims and counterclaims in this action relate to Penn's conduct, meaning that much of the burden of discovery will fall on Penn, not TruckPro.

### G. Enforceability of Judgment

The Court agrees with the parties that this factor is neutral. (*See* D.I. 15 at 19)

9

### H. Practical Considerations

The Court also assesses "practical considerations that could make the trial easy, expeditious, or inexpensive." *Jumara*, 55 F.3d at 879. The parties' arguments directed to this factor seem to have more to do with their private interests (e.g., which District would be more convenient for the parties, proximity to counsel) than the public interest. The Court perceives no public interest practical consideration that favors either this District or the Western District of Tennessee. Thus, this factor is neutral.

### I. Administrative Difficulty

The Court also considers "the relative administrative difficulty in the two fora resulting from court congestion." The parties provide statistics related to the speed with which each District resolves cases and proceeds to trial. (D.I. 9 at 17; D.I. 15 at 18) This data, and the parties' arguments about them, do nothing to persuade the Court that there will be any material administrative difficulty with either this Court or the Western District of Tennessee handling this case. *See generally Textron Innovations, Inc. v. The Toro Co.*, 2005 WL 2620196, at *3 (D. Del. Oct. 14, 2005). This factor is neutral.

### J. Local Interest

While Defendant points to what it characterizes as "Delaware's merely incidental connection to this matter" (D.I. 9 at 19), Delaware has a local interest in lawsuits brought against its corporate citizens. *See Zazzali v. Swenson*, 852 F. Supp. 2d 438, 452 (D. Del. 2012). That interest may be "counterbalanced" when, as here, the defendant is based in the proposed transferee District. *See TSMC Tech., Inc.*, 2014 WL 7251188, at *21. Overall, this factor is neutral.

### K. Public Policies

TruckPro does not raise any public policy concerns related to transfer. This factor is neutral.

### L. Familiarity of Trial Judge

Neither party argues that one forum's judges are more familiar with the applicable state law issues. Rather, they dispute whether one forum's judges are more capable of deciding the *federal* trademark claims. (D.I. 9 at 17; D.I. 15 at 19) There is no reason to presume or find anything other than that the judges of both Districts will be equally capable of addressing issues of federal law. *See Human Genome Scis.*, 2011 WL 2911797, at *11 (noting presumption that transferee and transferor courts are "both . . . capable of applying patent law to infringement claims"). The Court agrees with TruckPro that "the legal standards to be applied stem from federal trademark and can be ably decided by either forum." (D.I. 9 at 17) Thus, this factor is neutral.

### M. The Overall Balance

The burden is on TruckPro to show that the pertinent factors strongly favor its requested transfer. TruckPro has failed to meet this burden.

The only factors that support transfer of this case to the Western District of Tennessee are TruckPro's preference (which is accorded less weight than the preference of the plaintiff, Penn, to litigate in Delaware) and the location of some of the operative events, which in this case receives little weight. Penn's preference to litigate this case in Delaware, by contrast, receives substantial or even paramount weight. All other factors are neutral.

Therefore, there is not the required strong showing favoring transfer. Accordingly, the

Court will deny TruckPro's motion.

## CONCLUSION

TruckPro has failed to meet its burden. Thus, the Court will deny its motion to transfer. An appropriate order follows.